**934**     CASES REPORTED WITH BRIEF SYLLABI.

DOROTHY A. MASON v. JOHN I. D. BRISTOL and Others.— Motion denied, with ten dollars costs. Present — Clarke, P. J., Dowling, Smith, Page and Shearn, JJ.

GUY L. NELSON v. M. MORGENTHAU, JR., COMPANY, INC.— Motion denied, with ten dollars costs. Present — Clarke, P. J., Dowling, Smith, Page and Shearn, JJ.

STROMBORG EXPORT AND IMPORT COMPANY v. OSCAR STROMBORG and Others.— Motion denied, with ten dollars costs. Present — Clarke, P. J., Dowling, Smith, Page and Shearn, JJ.

DAVID COHEN v. DANIEL T. GOLMARTIN and Others.— Motion granted. Order to be settled on notice. Present — Clarke, P. J., Dowling, Smith, Page and Shearn, JJ.

LOUIS COHEN v. MORRIS H. ROTHSCHILD and Others.— Motion granted. Present — Clarke, P. J., Dowling, Smith, Page and Shearn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK v. WILLIAM E. DAVIES.— Motion granted. Present — Clarke, P. J., Dowling, Smith, Page and Shearn, JJ.

---

## SECOND DEPARTMENT, APRIL, 1918.

CROWN LANDS CORPORATION OF STATEN ISLAND, Appellant, v. SAMUEL S. WHITE and Another, Defendants, and COSMOPOLITAN DEVELOPMENT COMPANY and Another, Respondents.

*Real property — complaint — sufficiency.*

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Richmond on the 14th day of February, 1918, dismissing its complaint, and from an order, entered in said clerk's office on the 8th day of February, 1918, denying a motion to reconsider decision to dismiss the complaint.

PER CURIAM: The complaint states a cause of action, but whether the plaintiff can furnish evidence that entitles it to recover cannot be well decided on the present record. The issue, at least between plaintiff and the American Title and Trust Company, is, which one takes title from a common grantor. It may be unfortunate that the decision of the paramount question may fall, if the right to use the present remedy is not sustained, upon a mere technical question of the kind of possession that would enable the plaintiff to maintain the present form of action. And yet that objection is urged. But this court does not decide it, because the record does not present the chains of title of the parties as it should, and also the facts concerning the actual possession of the land, or indeed whether it is occupied or unoccupied. The present decision is limited to ruling that the court erred in dismissing the complaint upon the ground that it does not state a cause of action. What further decision the full facts may demand cannot be forecast. The judgment and order should be reversed and a new trial granted, costs to abide the event. Jenks, P. J., Thomas, Mills, Rich and Putnam, JJ., concurred. Judgment and order reversed and new trial granted, costs to abide the event.